# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11 CR 106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SHANE PATRICK PARRECO. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on April 23, 2012. At that time, the court presented the issue of whether or not defendant should be detained, pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the court pursuant to an oral motion made by counsel for defendant requesting that defendant continue to be released on terms and conditions of pretrial release, pursuant to 18 U.S.C. § 3145(c). The defendant was present with his attorney, Sean David Soboleski and the government was present and represented through Assistant United States Attorney John Pritchard. From the arguments of counsel for defendant and arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On December 6, 2011 a bill of indictment was issued charging the defendant with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). On April 23, 2012, the undersigned held an inquiry, pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, and accepted a plea of guilty of the defendant to manufacturing marijuana. At the end of the Rule 11 proceeding, the court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on April 23, 2012 to the crime of manufacturing marijuana and that said offense involved at least 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney John Pritchard as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Pritchard

advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty of defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted and based upon the statements of Mr. Pritchard the court cannot find that an attorney for the government has recommended or will recommend that no sentence of imprisonment be imposed upon the defendant. It would thus appear that the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

Defendant's counsel made an oral motion contending that exceptional circumstances exists which would merit the continued release of defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger assigned to the undersigned the task of conducting an exceptional circumstances determination in criminal matters pending in this district. What constitutes exceptional circumstances had been defined by Judge Reidinger in <u>United States v.Vilaiphone</u>, 2009 WL 412958

(February 19, 2009 W.D.N.C.). In <u>Vilaiphone</u> Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See <u>United States v. Larue</u>, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); <u>United States v. Lea</u>, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting <u>United States v. DiSomma</u>, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See <u>United States v. Little</u>, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See <u>Lea</u>, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See <u>United States v. Garcia</u>, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); <u>United States v. Mahabir</u>, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In support of defendant's motion, defendant's counsel advised the court that

defendant's wife is now seven weeks pregnant.  Defendant contends that his wife's pregnancy shows exceptional circumstances which would indicate that the court should allow defendant to remain released on terms and conditions of pretrial release.

Applying the definition of exceptional circumstances as set forth by Judge Reidinger to the facts of defendant's case, the fact that defendant's wife is now pregnant is not a condition that is clearly "out of the ordinary, uncommon or rare." The birth of a child is a common circumstance and one that, without the unfortunate timing of defendant and his wife, should have brought joy to their family.  The undersigned cannot find that the pregnancy of defendant's wife is a condition that meets the definition of exceptional circumstances that merit the continued release of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and defendant will be placed in the custody of the U.S. Marshal.  It is further **ORDERED** that defendant's oral motion for continued release is **DENIED**.

Signed: April 26, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge